FARMER, J.
This is the second review of an order awarding attorney’s fees in this medical malpractice action. The action was dismissed because plaintiffs counsel failed to conduct a reasonable presuit investigation. Upon dismissal defendant sought fees under section 766.206(2), and the trial court awarded $40,000. On an earlier appeal we reversed for various reasons having to do with the order itself. Rodriguez v. Campbell, 720 So.2d 266 (Fla. 4th DCA 1998), review den., 731 So.2d 650 (Fla.1999). We now have the final order after remand and reverse once again.
The court awarded nearly $11,000 in fees, of which only $1,287 were incurred during the period of presuit investigation. Section 766.206(2) limits liability to “all attorney’s fees ... incurred during the investigation and evaluation of the claim.” Here the court has tacked on fees for litigating the issue of presuit noncompliance, as well as for litigating the amount of fees to be awarded. Under the plain text of the statute, however, the liability is only for the narrow purpose specified and therefore the amount awarded should have been limited to those incurred “during the investigation and evaluation.” See Kukral v. Mekras, 679 So.2d 278, 281 (Fla.1996) (“These provisions for sanctions focus on the presuit period during ‘the investigation and evaluation of the claim’ and apparently contemplate the imposition of sanctions for the expense and effort that one party may have unnecessarily caused the other to incur during that presuit period.”); see also State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993) (holding that fees may be awarded for litigating amount of fees only where language of statute supports such conclusion).
We therefore reverse the award and remand for the court to reduce the judgment amount to $1,287, together with accrued interest on that amount through the date of the new final order.
KLEIN and TAYLOR, JJ., concur.