969 So.2d 1133 (2007)
William S. WILSON, Appellant,
v.
FEDERATED NATIONAL INSURANCE COMPANY, Appellee.
No. 2D06-5050.
District Court of Appeal of Florida, Second District.
November 14, 2007.
Rehearing Denied December 21, 2007.
Matthew R. Danahy of Danahy & Murray, P.A, Tampa, for Appellant.
Anne D. Ogden of Bazinsky Korman Baker Professional Association, Plantation, for Appellee.
WHATLEY, Judge.
William S. Wilson appeals the partial final order dismissing his complaint against Federated National Insurance Company with prejudice. We reverse.
Wilson insured his home and personal property through a policy of insurance issued by Federated. After his home was damaged by Hurricane Charley and he was unsuccessful in obtaining full payment from Federated for the amount of the loss estimated by Federated's own adjusters, Wilson filed a complaint against Federated alleging breach of contract and seeking a declaratory judgment.
Federated filed an answer and affirmative defenses, asserting as one of its affirmative defenses its right to invoke the appraisal clause of the insurance policy. One month later, it did so in a letter to Wilson. Wilson responded that he believed appraisal was not appropriate and that Federated had waived its right to appraisal. After more correspondence between the parties in which they maintained their positions regarding the appraisal process, Federated filed a motion to compel *1134 appraisal. Over Wilson's objections, the trial court granted the motion and stayed the litigation. The appraisal process resulted in an award to Wilson of $75,718.48, which was almost ten times more than the amount Federated had attempted to pay Wilson initially.[1]
Wilson filed a motion to lift the stay, and he filed the appraisal award with the circuit court. He then filed a motion to confirm the appraisal award and for entry of final judgment. In the meantime, Federated attempted to pay Wilson the amount it contended was the balance owed on the appraisal award. Wilson rejected these attempts because he claimed the amount was insufficient to satisfy the appraisal award and because he maintained that the award was null and void due to Federated's alleged waiver of its right to demand appraisal. Federated ultimately deposited the amount into escrow with the clerk of court.
The circuit court heard and denied Wilson's motion to confirm the appraisal award and for entry of final judgment. Several days later, Federated filed a motion for partial final judgment of dismissal on the ground that all monies due and owing pursuant to the appraisal award were in escrow with the clerk of court and there remained no outstanding issues concerning the two counts of Wilson's complaint. However, it was not until the day its motion was heard that Federated deposited into escrow the amount that Wilson claimed remained due on the appraisal award. The circuit court heard Federated's motion, as well as Wilson's second motion to confirm appraisal and for entry of final judgment. It granted Federated's motion for partial final order of dismissal with prejudice without comment and did not address Wilson's motion.
In this appeal, Wilson argues that Federated waived its right to enforce the appraisal provision of the insurance policy by participating in the litigation before moving to compel appraisal. While Federated filed the motion to compel appraisal four months after it filed its answer and affirmative defenses, Federated had invoked the appraisal process in correspondence sent to Wilson one month after filing its answer. During that one month, minimal discovery was conducted. Under these circumstances, we cannot say that the circuit court abused its discretion in ordering that the parties participate in the appraisal process.
However, the circuit court did abuse its discretion in denying Wilson's motion to confirm the appraisal award and to enter final judgment thereon. Wilson was compelled to file suit against Federated when Federated refused to pay what even its own adjusters determined to be the amount of Wilson's loss. Then, after the appraisal process resulted in an award to Wilson of significantly more than the adjusters had estimated, Federated continued to fail to pay the full amount of his loss. Federated finally filed the balance into escrow on the day its motion for partial final judgment was heard. Under these circumstances, the appropriate course of action was not to dismiss Wilson's complaint with prejudice, but to confirm the appraisal award and enter final judgment thereon. See Allstate Ins. Co. v. Suarez, 833 So.2d 762 (Fla.2002); Travelers Indem. Ins. Co. v. Meadows, 900 So.2d 676 (Fla. 4th DCA 2005). Cf. Federated Nat'l Ins. Co. v. Esposito, 937 So.2d 199 *1135 (Fla. 4th DCA 2006) (holding that court erred in confirming appraisal award and entering judgment because insurer timely participated in appraisal and paid award without necessity for court intervention). Accordingly, we reverse the partial final order of dismissal and remand with directions that the circuit court confirm the appraisal award and enter final judgment thereon.
Reversed and remanded.
NORTHCUTT, C.J., and KELLY, J., Concur.
NOTES
[1] Federated's first adjuster's final estimate placed the replacement cost value at $18,339.72, and Federated sent Wilson three checks marked "paid in full" that totaled $7,857.90. Federated's second adjuster placed the replacement cost value at $40,048.60, but that amount was not revealed by Federated until discovery.