MAY, C.J.
An award of prejudgment interest, pursuant to section 627.70131(5)(a), Florida Statutes (2009), and a subsequent award of attorney’s fees and costs, is challenged in this appeal. The insurer argues the trial court erred in confirming the appraisal award, and in subsequently awarding prejudgment interest, attorney’s fees, and costs, because the appraisal award had been paid in full prior to the insured filing the motion to confirm. We agree and reverse.
A pipe leak occurred at the insureds’ residence. The insurer acknowledged coverage and issued payment. The insureds notified the insurer of a supplemental claim. The insurer made a supplemental payment, but did not reach an agreement with the insureds on some of the remaining amounts claimed.
The insurer invoked the appraisal provision under the policy. That provision provided:
Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser’s identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
The policy also contained a section providing:
Loss payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
a. 20 days after we receive your proof of loss and reach an agreement with you; or
b. 60 days after we receive your proof of loss and:
*288 (1) there is an entry of a final judgment; or
(2) there is a filing of an appraisal award with us.
The insureds and insurer selected their appraisers, who were unable to agree on an umpire. The insureds then filed a petition for selection of a neutral umpire, but the parties agreed on an umpire without court intervention. The umpire determined the amount of the loss from the pipe leak was $55,431.19, which did not account for prior payments and deductibles. Seven days after receiving the appraisal award, the insurer sent the insureds a check for the difference, $23,670.87.
The insureds then filed a “Motion to Determine Entitlement to Interest” using the same case number assigned to their petition for appointment of an umpire. The insurer responded that an award of interest was not permitted under section 627.70131(5)(a), which provides that “this subsection shall not form the sole basis for a private cause of action.” § 627.70131(5)(a), Fla. Stat. (2009).
At a subsequent hearing, the insureds admitted they should have moved to confirm the appraisal award, and made an ore tenvs motion to do so. The trial court granted the motion. The insureds then filed a “Motion to Confirm Appraisal Award,” and requested interest of $2,250.21. The insurer objected to confirmation of the appraisal award because it had been paid in full.
The final judgment provided:
1. The Court confirms the appraisal award in the amount of $55,413.19. It is agreed by the parties that State Farm paid all amounts owed pursuant to the appraisal award, except for statutory interest.
2. Pursuant to Fla. Stat. § [] 627.70131(5)(a), State Farm owes interest, because it did not make payment until after 90 days from the time it received notice of the claim.
3. Therefore, State Farm owes to the Petitioners interest in the amount of $2,250.21.
The court reserved jurisdiction to determine entitlement to, and the amount of, attorney’s fees, pursuant to section 627.428, Florida Statutes (2009). The insureds then filed a motion for attorney’s fees, pursuant to section 627.428.[1] The court awarded $19,500 in attorney’s fees and $1,182.20 in costs. The insurer now appeals.
A trial court’s decision on entitlement to prejudgment interest is reviewed de novo. Reimbursement Recovery, Inc. v. Indian River Mem’l Hosp., Inc., 22 So.3d 679, 682 (Fla. 4th DCA 2009). Entitlement to attorney’s fees based on the interpretation of a statute or contract is also reviewed de novo. Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So.3d 348, 355 (Fla. 4th DCA 2011).
The insurer argues the insureds had two motives for filing the motion to confirm the already-paid appraisal award: (1) to create a cause of action for statutory interest under section 627.70131(5)(a); and *289 (2) to establish a basis for attorney’s fees, pursuant to section 627.428(1). The insurer relies on Federated National Insurance Co. v. Esposito, 987 So.2d 199 (Fla. 4th DCA 2006) to support its argument that a motion to confirm a paid appraisal award cannot establish a basis for interest and fees. We find Esposito instructive.
We begin by acknowledging what we said in Esposito:
The precise issue raised is whether a court should confirm an appraisal award after it has been paid.... Because of the laudable goal of the appraisal process — to resolve disputes without litigation — and the potential to evade that goal by resort to the court system, we hold that there is no need to confirm an appraisal award in circumstances such as those presented here.
Id. at 200-01.
Just as in Esposito, the trial court erred in confirming the appraisal award. Here, the insurer never disputed coverage, but invoked the appraisal process, pursuant to its policy. While the insured filed a petition for a neutral umpire, the parties agreed on the umpire without court intervention. The insurer paid the full amount of the appraisal award within seven days of the umpire’s decision.
When the insureds attempted to secure interest, the trial court suggested they should have moved to confirm the appraisal award, which they then did. However, as Esposito explains, a trial court cannot confirm an appraisal award that has already been paid and thereby create a basis for an award attorney’s fees.
What differentiates this case from Espo-sito is section 627.70131(5)(a), which addresses interest. It specifically provides:
(5) (a) Within 90 days after an insurer receives notice of a property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay such claim or a portion of the claim is caused by factors beyond the control of the insurer which reasonably prevent such payment. Any payment of a claim or portion of a claim paid 90 days after the insurer receives notice of the claim, or paid more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, shall bear interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy. If there is a right to prejudgment interest, the insured shall select whether to receive prejudgment interest or interest under this subsection. Interest is payable when the claim or portion of the claim is paid. Failure to comply with this subsection constitutes a violation of this code. However, failure to comply with this subsection shall not form the sole basis for a private cause of action.
§ 627.70131(5)(a), Fla. Stat. (2009) (emphasis added). This provision specifically disavows its use as the “sole basis for a private cause of action.” Id.
The statute is curious, however, because it portends to provide for interest when an insurer fails to pay within certain time frames after notice of the claim. It then suggests that those time frames are excused when delay is “caused by factors beyond the control of the insurer which reasonably prevent such payment.” Id. There is no hint as to what that clause means. In its next breath, the statute states that its provisions cannot “be waived, voided, or nullified by the terms of the insurance policy.” Id. Yet, we have *290 held that “ ‘[i]t is the terms of a contract for insurance which determine the date from which the coverage payment is due, as well as when interest is due on the amounts payable.’ ” Ellie’s 50’s Diner, Inc. v. Citizens Prop. Ins. Corp., 54 So.3d 1081, 1082 (Fla. 4th DCA 2011) (quoting Citizens Prop. Ins. Corp. v. Mallett, 7 So.3d 552, 556 (Fla. 1st DCA 2009)).
We find the last sentence of the statute closes the door on any insured unless there is a viable independent cause of action. Because a trial court cannot confirm an appraisal award that has already been paid, and no independent cause of action exists to award statutory interest under section 627.70131(5)(a), the final judgment must be reversed.
Nevertheless, the insureds argue the claim for interest did not constitute the sole basis for a private cause of action because the case was initiated by filing a petition for selection of a neutral umpire. Esposito has already rejected this argument. 937 So.2d at 201.
The insureds alternatively argue the appraisal award was not paid when they filed their motion to confirm because the interest on the award was never paid by the insurer. They rely on Wilson v. Federated National Insurance Co., 969 So.2d 1133 (Fla. 2d DCA 2007). Wilson is distinguishable. There, an appraisal process resulted in an award to the insured, but the insurer failed to pay the full amount of the loss. Id. at 1134. Wilson did not involve whether the insurer failed to pay interest on the appraisal award. Furthermore, this Court has recently held that an insured is not entitled to prejudgment interest when an insurer does not deny coverage, participates in the appraisal process, and timely pays the appraisal award. Green v. Citizens Prop. Ins. Corp., 59 So.3d 1227, 1228-29 (Fla. 4th DCA 2011).
We therefore reverse the final judgment confirming the appraisal award and the subsequent award of interest and attorney’s fees in favor of the insureds.

Reversed.

CONNER, J., and TUTER, JACK B., Jr., Associate Judge concur.

. Section 627.428(1), Florida Statutes (2009), provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.