ROTHENBERG, J.
State Farm Florida Insurance Company (“State Farm”) appeals from a Final Judgment Pursuant to Appraisal Award, entered in favor of its insureds, Carlos and Margarita Gonzalez (“the Insureds”), and from the denial of rehearing. We reverse the order under review, but remand to allow the Insureds to file a complaint seeking relief consistent with this opinion.
The Insureds’ home was damaged by a hurricane in 2005. State Farm acknowledged that there was a covered loss, but after the parties failed to reach an agreement as to the amount of loss, the policy’s appraisal provision[1] was invoked. In April 2008, the Insured’s appraiser and the umpire executed the appraisal award, finding that the Insureds’ amount of loss was $29,763 for ordinance and law coverage and $84,090.36 for dwelling coverage. The appraisal award, however, provides: “The amounts above are subject to previous payments, deductible(s), depreciation, if applicable, the terms and conditions of the policy and the laws of the State of Flori *36 da.” (emphasis added). Thereafter, in May 2008, State Farm paid the dwelling amount, but withheld the ordinance and law portion of the appraisal award based on the policy’s provision providing that building ordinance and law coverage is not payable “until the dwelling is actually repaired.” [2]
The Insureds filed a “Petition to Confirm -Appraisal Award” (“Petition to Confirm”), alleging that State Farm failed to pay the ordinance and law portion of the appraisal award within sixty days as required by the policy’s “Loss Payment” provision,[3] and that all conditions precedent have been performed, met, or waived. See Fla. R. Civ. P. 1.120(c) (“Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.”). The Insureds requested that the trial court confirm the appraisal award and enter a final judgment awarding them the ordinance and law amount, plus interest, attorney’s fees, and costs.
State Farm did not file a response to the Petition to Confirm. Instead, State Farm set the Petition to Confirm for hearing and filed a certified copy of the homeowner’s insurance policy.
At the hearing, the Insureds’ counsel argued that pursuant to the policy’s Loss Payment provision, State Farm was required to pay the appraisal award within sixty days, and therefore, the trial court should grant the Petition to Confirm, and enter final judgment in favor of the Insureds. Thereafter, the trial court asked the Insureds’ counsel what statute he was “traveling under.” In response, counsel acknowledged that the Florida Arbitration Code (“Arbitration Code”), Chapter 682, Florida Statutes, does not “specifically deal with the appraisal process,” however, because appraisal awards are “akin” to arbitration awards, the Arbitration Code should be looked at for guidance. Thereafter, the Insureds’ counsel and trial court discussed several provisions of the Arbitration Code. Under the Arbitration Code, a party may apply to confirm an arbitration award, and the court “shall confirm” the award if a party to the arbitration has not applied, within applicable time limits, to vacate, modify, or correct the arbitration award.[4] Thus, the Insureds argued that *37 because State Farm did not apply to vacate, modify, or correct the appraisal award within ninety days, the trial court was compelled to grant their Petition to Confirm and enter final judgment in their favor. See § 682.15, Fla. Stat. (2008) (“Upon the granting of an order confirming, modifying or correcting an [arbitration] award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree.”).
In response, State Farm argued that when it received the Petition to Confirm, it was not “entirely sure what this action was all about, because this is a petition ... to compel to confirm the appraisal award, and there’s nothing in the rules that allows for that action.” Further, State Farm argued that the appraisal award was subject to the terms and conditions of the policy, including the Building Ordinance or Law Coverage Limitations, and therefore, as the Insureds had not incurred the these expenses, State Farm was not liable for that portion of the appraisal award.
At the end of the hearing, the trial court ruled that it was granting the Petition to Confirm, but failed to articulate the reason. Thereafter, the trial court entered the judgment under appeal, and subsequently denied State Farm’s motion for rehearing. This appeal followed.
State Farm contends that the trial court erred by entering the Final Judgment Pursuant to Appraisal Award. We agree.
Based on our review of the Petition to Confirm and the transcript of the hearing, it is clear that the Insureds were arguing that State Farm breached the insurance policy by not paying the ordinance and law portion of the appraisal award within sixty days. However, rather than filing a complaint seeking such relief, the Insureds filed the Petition to Confirm. Florida Rule of Civil Procedure 1.110(a) provides in relevant part: “Pleadings. There shall be a complaint or, when so designated hy a statute or rule, a petition and an answer to it....” There is no rule or statute allowing for the filing of a petition to confirm an appraisal award. However, rather than seeking dismissal of the Petition to Confirm, State Farm set the Petition to Confirm for hearing.
At the hearing, there is no doubt that this procedural error was raised by State Farm and addressed by the parties and the trial court. In fact, the Insureds acknowledged that there is no statute authorizing a petition to confirm an appraisal award, but nonetheless, urged the trial court, pursuant to the Arbitration Code, to confirm the appraisal award and enter final judgment in their favor. Although the trial court did not articulate its reason for granting the Petition to Confirm and entering the final judgment in favor of the Insureds, based on the Insureds’ arguments and the trial court’s statements, it appears that the trial court erroneously rejected State Farm’s argument that a Petition to Confirm is not authorized and that the Arbitration Code is not applicable to appraisal awards. See Allstate Ins. Co. v. Suarez, 838 So.2d 762, 765-66 (Fla.2002) (holding that appraisal provision in homeowner’s policy, which is materially similar to appraisal clause in the instant ease, required an “informal appraisal proceeding, not a formal arbitration hearing pursuant to section 682.06, Florida Statutes” of the Arbitration Code, and therefore, umpire properly refused to “proceed under the formal procedures of the Arbitration Code”); Citizens Prop. Ins. Corp. v. Cuban-Hebrew Congregation of Miami, Inc., 5 So.3d 709, 712 (Fla. 3d DCA 2009) (“The Florida Supreme Court has held that the Florida Arbitration Code is not applicable to appraisal cases.”) (citing Allstate Ins., 833 So.2d at 763-66).
*38 Accordingly, we reverse the order under review, but remand with instructions to allow the Insureds to file a complaint alleging a viable cause of action against State Farm, which will relate back to the filing of the Petition to Confirm. Thereafter, State Farm, as permitted by rule 1.100(a), may file an answer to the complaint and assert any affirmative defenses contesting coverage. Prior to entering the final judgment, the trial court is required to adjudicate State Farm’s coverage defense as to the building or law coverage, if asserted by State Farm as an affirmative defense.
We urge the parties to review the Fourth District’s decision in Florida Insurance Guaranty Ass’n v. Olympus Ass’n, 34 So.3d 791 (Fla. 4th DCA 2010), which illustrates the proper procedure when an insurance company fails to pay an appraisal award, and explains that coverage issues are to be determined by the trial court. In Olympus, after a hurricane, the insured condominium association, Olympus Association, Inc., demanded appraisal for damage to three of its buildings pursuant to the insurance policy’s appraisal provision.[5] The appraisal award totaled over $7 million, which was broken down by building and contained line-item amounts, including an amount for waterproofing and painting. The appraisal award, however, provided that it “is made without consideration of other terms, conditions, provisions or exclusions of the above policy, which might affect coverage or the amount of the insurer’s liability there under.”
After FIGA failed to pay the appraisal award, Olympus filed a breach of contract complaint against FIGA. FIGA filed its answer and affirmative defenses, asserting in part that, pursuant to the terms of the policy, painting and waterproofing materials were not covered. As part of the breach of contract action, Olympus then moved for confirmation of the appraisal award and entry of a final judgment in the amount of the appraisal award less applicable deductibles. Without addressing FIGA’s affirmative defenses, the trial court confirmed the appraisal award and entered final judgment in favor of Olympus.
On appeal, FIGA argued that the trial court erred by entering final judgment in favor of Olympus without determining FIGA’s liability as to the contested claim for waterproofing/painting. The Fourth District reversed and remanded “for the trial court to determine FIGA’s liability with regard to the contested claims, and then enter the appropriate amount based on the appraisal.” In doing so, the Fourth District explained:
[T]he trial court erred by entering final judgment in favor of Olympus without first determining FIGA’s liability as to the coverage claims contested in its affirmative defenses.... [I]t is not reasonable to order an insurer to pay for all elements set forth by an appraiser if the insurer raises an issue of coverage as to only one element and not the whole claim. It is the appraiser’s duty to determine the amount of coverage, while questions of coverage liability are left for the judiciary. Then, “[i]f a court decides that coverage exists, the dollar value agreed upon by the appraisal process will be binding upon both parties.”
[W]e conclude that the trial court erred by entering final judgment in favor of Olympus and awarding it the *39 amount set forth in the appraisal (less the deductibles), without first deciding the issue of coverage liability. When FIGA filed its affirmative defenses in response to Olympus’s complaint, the trial court should have first decided FIGA’s liability.... FIGA could contest part of the liability without challenging coverage as a whole. The appraisal award itself indicated the amount could change as the award was made without consideration of the policy’s provision of coverage.
Olympus, 34 So.3d at 795-96 (citations omitted).
As we are reversing and remanding for further proceedings consistent with this opinion, we find it unnecessary to address the remaining issues raised by State Farm.
Reversed and remanded with instructions.

. The appraisal provision provides:
4. Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser’s identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

. The “Building Ordinance or Law Coverage Limitations” provision provides in pertinent part:
4. Building Ordinance or Law Coverage Limitations.
a. We will not pay for any increased cost of construction under this coverage:
(1) until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and
(2) unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

. The applicable "Loss Payment” provision provides:
8. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
a. 20 days after we receive your proof of loss and reach an agreement with you; or
b. 60 days after we receive your proof of loss and:
(1) there is an entry of final judgment; or
(2) there is a filing of an appraisal award with us.

.An application to modify or correct an arbitration award must be "made within 90 days after delivery of a copy of the award to the applicant....” § 682.14(1), Fla. Stat. (2008). Similarly, an application to vacate must also "be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known.” § 682.13(2), Fla. Stat. (2008).

. Olympus’ insurance policy was issued by Southern Family Insurance Company. After the hurricane, Southern Family was placed in receivership for liquidation purposes, and Florida Guaranty Insurance Association ("FIGA”) became responsible for covered claims. Olympus, 34 So.3d at 793.