HAWKES, J.
This appeal concerns an award of attorney’s fees against Thomas C. Staples under section 766.206(2), Florida Statutes (2007). The trial court used section 766.206(2) to award fees for pre-suit costs spent investigating the legitimacy of a medical malpractice claim, as well as for post-suit costs spent litigating entitlement to fees.[1] Staples is challenging that portion of the order awarding post-suit costs, arguing section 766.206(2) only authorizes pre-suit expenses incurred while investigating and evaluating a claim, not post-suit expenses spent litigating entitlement to fees. We agree.
Whether a statutory provision authorizes fees for expenses incurred while litigating entitlement to fees is a matter of statutory interpretation subject to de novo review. See Winn-Dixie Stores, Inc. v. Reddick, 954 So.2d 723, 731 (Fla. 1st DCA 2007); see also State Farm Fla. Ins. Co. v. Silber, 72 So.3d 286, 288 (Fla. 4th DCA 2011). Courts engaging in the interpretation of a fee statute must strictly construe the statute’s language. See Hoeltzell v. *1116 Erenstoft, 985 So.2d 636, 637 (Fla. 4th DCA 2008).
Section 766.206(2), Florida Statutes (2007) — which comes in the midst of the statutory section dealing with medical malpractice actions — states the following:
If the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of sections 766.201-766.212, including a review of the claim and a verified written medical expert opinion by an expert witness[ ], the court shall dismiss the claim, and the person who mailed such notice of intent, whether the claimant or the claimant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney’s fees and costs of the defendant or the defendant’s insurer.
(emphasis added). Of importance, section 76.206(2) provides only for those fees incurred “during the investigation and evaluation of the claim.” See Kulcral v. Meleras, 679 So.2d 278, 281 n. 2 (Fla:1996) (stating section 766.206(2) imposes fees only “for the expense and effort that one party may have unnecessarily caused the other to incur during the pre-suit period”). This language limits the provision’s reach to only fees incurred during the pre-suit phase. It does not extend to expenses incurred after the suit has been filed, such as the fees/costs associated with post-suit litigation over entitlement to fees.
This interpretation of section 766.206(2) is supported by caselaw. In Rodriguez v. Campbell, 778 So.2d 511 (Fla. 4th DCA 2001), the Fourth District confronted a situation similar to the instant case in which the trial court awarded fees under section 766.206(2) for the periods both before and after the suit was filed. The Fourth District rejected the award of post-suit fees, stating:
Under the plain text of the statute, [] the liability is only for the narrow purpose specified and therefore the amount awarded should have been limited to those incurred during the investigation and evaluation [of the claim].
Id. at 512. The Fourth District reversed the award and remanded for the trial court to adjust the amount to cover only those fees incurred during the period of pre-suit investigation. Id. Given the holding in Rodriguez, and considering that fee statutes must be strictly interpreted, we find section 766.206(2) does not cover any expenses incurred after suit is filed, even if subsequent litigation concerns entitlement to pre-suit fees.
Defendants attempt to circumvent the clear limitations of the provision by arguing the post-suit litigation concerning its entitlement to fees under section 766.206(2) was needless. Defendants claim they were clearly entitled to pre-suit fees under section 766.206(2) as Staples failed to comply with the statutory investigation requirements before mailing the notice of intent to initiate litigation. Defendants argue the trial court agreed with them as it entered summary judgment in their favor based on Staples’ failure to comply with these requirements. According to defendants, Staples’ insistence on contesting their clear entitlement to pre-suit fees under section 766.206(2) was frivolous. Therefore, they claim section 766.206(2) should cover any post-suit expenses they incurred while litigating their entitlement to pre-suit fees under the provision.
The problem with defendant’s argument is that it ignores the language of section 766.206(2). The provision covers only those fees and costs spent actually investigating and evaluating a claim. A distinc *1117 tion must be recognized between the cost of investigating/evaluating a claim and the cost of litigating whether such investigation/evaluation was adequately conducted, which is the question to be answered in fee disputes under section 766.206(2). These are two separate concepts and only the former is covered by the language of section 766.206(2).[2]
In short, the trial court erred in using section 766.206(2) to cover defendants’ post-suit expenses spent litigating their entitlement to fees. The portion of the trial court’s order awarding $9,285 for such post-suit expenses is REVERSED and the matter is REMANDED for a correct fee order to be issued in accordance with this opinion.
WOLF and ROBERTS, JJ., concur.

. The trial court’s final judgment used section 766.206(2) to assess total fees and costs of $14,485. Of that award, $5,200 covered pre-suit expenses incurred by the Appellees (defendants) in investigating and evaluating the underlying claim. This portion of the order is not in dispute. The remaining $9,285 covered post-suit expenses incurred by defendant in litigating their entitlement to fees.

. We have also considered defendants’ claim that the post-suit fees were justified under section 57.105, Florida Statutes(2010), thereby providing an alternate basis to affirm the entire award. We reject this argument without further comment.