IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PAUL R. MESSER AND BETTY
J. MESSER,

     Appellant,

v.

MARK JAMES SANDER AND
JULIA DILS SANDER, HIS
WIFE,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1349

Opinion filed January 6, 2016.

An appeal from the Circuit Court for Leon County.
George S. Reynolds, III, Judge.

Larry E. Levy of the Levy Law Firm, Tallahassee, for Appellant.

Ross Stafford Burnaman, Tallahassee, for Appellees.

PER CURIAM.

     The Appellants, Paul Messer and Betty Messer, seek review of the trial court's

final judgment on remand that denied their motion for trial-level attorney's fees and

costs. In a cross-appeal, the Appellees, Mark Sander and Julia Sander, seek review

of the trial court's final judgment on remand that granted the Appellants' motion for appellate-level attorney's fees. We find that the trial court properly denied the Appellants' motion for trial-level attorney fees and improperly granted the Appellants' motion for appellate-level attorney fees.

This appeal stems from an action for declaratory judgment filed by the Appellants against the Appellees for a statutory easement by way of necessity pursuant to section 704.01(2), Florida Statute (2014). The trial court found that the Appellants were not entitled to a statutory easement and ordered the Appellants to pay the Appellees' attorney's fees and costs. On appeal, this Court reversed and remanded the final judgment after holding the Appellants were entitled to a statutory easement. This Court also provisionally granted the Appellants' motion for appellate-level attorney's fees and remanded the issue to the trial court to determine whether the Appellants were entitled to attorney's fees pursuant to the governing statute, which provides that attorney's fees and costs are owed to either party for "unreasonable refusal to comply" with the provisions of the easement statute. § 704.04, Fla. Stat. (2014). On remand, the trial court entered a final judgment in accordance with this Court's holding and awarded the Appellants appellate-level attorney's fees and costs, but the trial court did not award trial-level attorney's fees and costs after finding the Appellants unreasonably refused to comply with the easement statute.

This Court reviews a denial of an appellant's motion for attorney's fees and costs under the abuse of discretion standard.  See Fla. State Univ., Bd. of Trs. v. Monk, 112 So. 3d 173, 173-47 (Fla. 1st DCA 2013) (Mem.); Moore v. Hillsborough Cty. Sch. Bd., 987 So. 2d 1288, 1289 (Fla. 1st DCA 2008).  Section 704.04 provides that attorney's fees and costs are owed to either party for "unreasonable refusal to comply with the provisions of s[ection] 704.01(2)."  § 704.04, Fla. Stat. (2014). Here, in the final judgment on remand, the court did not explain how it reached the conclusion of law that the parties acted reasonably at the trial level.  However, in its findings of fact, the court found that (1) the Appellees had expended thousands of dollars to improve and maintain the easement and the Appellants had not contributed to the improvement or maintenance of the easement; (2) the Appellants had rarely used the road in the past 20 years and the Appellees did not tell the Appellants they were not allowed to use the road; and (3) the Appellants never offered to compensate the Appellees for the easement until the case was remanded.  While there was evidence that both parties behaved unreasonably, these findings provide competent, substantial evidence to support the court's conclusion that the Appellants were not due trial-level attorney's fees and costs because they acted unreasonably.

As to appellate attorney's fees, it was not unreasonable for the Appellees, after the trial court ruled the Appellants were not entitled to an easement, to then not grant the Appellants an easement.  In fact, it would have been unreasonable if they had

3

done so.

We AFFIRM the denial of the Appellants' motion for trial-level attorney's fees, and REVERSE the trial court's final judgment on remand that granted the Appellants' motion for appellate-level attorney's fees.

ROBERTS, C.J., THOMAS and RAY, JJ., CONCUR.