# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2456
Lower Tribunal No. 19-22892
_____


**Blackboard Specialty Insurance Company, etc.,**
Appellant,

vs.

**YTech-1428 Brickell, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Kelley Kronenberg and Louis Reinstein and Jack T. Frost (Fort Lauderdale), for appellant.

Berger Singerman LLP, and Michael J. Higer and Gavin C. Gaukroger, for appellee.

Before LOGUE, LINDSEY and LOBREE, JJ.

PER CURIAM.

Blackboard Specialty Insurance Company ("Blackboard") appeals from the

lower court's confirmation of an appraisal award and entry of judgment in favor of

Ytech-1428 Brickell, LLC ("Ytech"). Blackboard correctly challenges the vehicle under which Ytech's claim traveled below. Because Ytech filed a petition instead of a complaint, which was not specifically authorized by rule or statute as required by Florida Rule of Civil Procedure 1.100(a), we reverse and remand.

In the wake of Hurricane Irma in 2017, Ytech filed a claim for coverage under its insurance policy with Blackboard for damages suffered by its property. The parties could not reach an agreement on the amount of damages sustained, so they underwent an appraisal process overseen by an umpire, as mandated by the insurance policy. Nearly two years after the Hurricane, on June 7, 2019, the appraisers agreed to the award determined by the umpire, describing Ytech's total loss as $1,196,581.87. When Blackboard subsequently failed to pay, Ytech filed a petition seeking to confirm the appraisal award on August 1, 2019.

Blackboard did not respond to the petition. Instead, over a month later, it moved for extension of time and to abate, arguing that it only needed time to make the required payment. After a hearing was held on Ytech's petition on September 18, 2019, but before judgment was entered, Blackboard moved to dismiss, mainly relying on Citizens Property Insurance Corp. v. Mango Hill #6 Condo. Ass'n, Inc., 117 So. 3d 1226 (Fla. 3d DCA 2013), arguing that the court could not rely on the Florida Arbitration Code to take jurisdiction over and grant Ytech's petition. Without a hearing on its motion, the court entered final judgment in favor of Ytech

2

and confirmed the appraisal award. Blackboard subsequently moved for rehearing, arguing that, because its motion to dismiss was filed after the hearing, it was unclear whether the court considered the caselaw that Blackboard considered "controlling and dispositive."[1] The court denied rehearing and this appeal ensued.

On appeal, Blackboard argues that the trial court erred by denying rehearing and originally relying on the Florida Arbitration Code to confirm Ytech's petition. We generally review the entry of final judgment confirming an appraisal award for abuse of discretion. Wilson v. Federated Nat'l Ins. Co., 969 So. 2d 1133, 1134 (Fla. 2d DCA 2007). However, a trial court's legal conclusions in final judgments are reviewed de novo. Palm Garden of Healthcare Holdings, LLC v. Haydu, 209 So. 3d 636, 638 (Fla. 5th DCA 2017). A trial court's denial rehearing is reviewed under an abuse of discretion standard. Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 935 (Fla. 3d DCA 2019).

---

[1] Although Ytech contends that Blackboard's procedural argument is unpreserved because its motion to dismiss was untimely, Blackboard adequately preserved it by timely moving for rehearing. Compare Vorbeck v. Betancourt, 107 So. 3d 1142, 1148 (Fla. 3d DCA 2012) (holding appellants failed to preserve issue on appeal by both "fail[ing] to contemporaneously object" or, alternatively, "not fil[ing] a motion for rehearing . . . after the order of dismissal was entered"), with Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So. 3d 269, 278 (Fla. 1st DCA 2012) ("We do not suggest that trial judges are required to consider new issues presented for the first time on rehearing. Our point is simply that they have the authority to hear new issues. In the present case, the proper exercise of discretion would have been to allow the argument on rehearing.").

Florida Rule of Civil Procedure 1.100(a) allows the filing of petitions only to the extent that they are specifically "designated by a statute or rule." In its petition, Ytech did not reference any statute or rule that authorizes it. This Court previously addressed this issue in State Farm Florida Insurance Co. v. Gonzalez, 76 So. 3d 34, 37 (Fla. 3d DCA 2011), holding that "[t]here is no rule or statute allowing for the filing of a petition to confirm an *appraisal* award." There, the insured initially filed a petition to confirm an appraisal award after the insurer failed to pay. Id. at 36. The insurer did not respond to the petition, but instead raised concerns about the petition's procedural validity at the final hearing. Id. at 37. The trial court summarily granted the petition. Id. On appeal, we reversed, emphasizing that petitions must be "designated by a statute or rule." Id. We further remanded the case with instructions "to allow the Insureds to file a complaint alleging a viable cause of action" against the insurers, urging that Florida Insurance Guaranty Ass'n v. Olympus Ass'n, 34 So. 3d 791 (Fla. 4th DCA 2010), provided the model to follow. Id. at 38. The procedural defect of a petition to confirm an appraisal award highlighted by Gonzalez has been recognized since by other Florida courts.[2] Accordingly, as in Gonzalez, we remand

---

[2] See Jin Zhi Star Lt. LLC v. Am. Zurich Ins. Co., 08-61191-CIV, 2012 WL 12859815, at *1 (S.D. Fla. Jan. 26, 2012) ("The only thing [Gonzalez] stands for as related to this case, is that one can't simply file an initial document entitled 'Petition to Confirm Appraisal Award.'"), adopted by 2012 WL 12859816 (S.D. Fla. May 4, 2012); Bencomo Enters. v. United Specialty Ins. Co., 345 F. Supp. 3d 1401 (S.D. Fla. 2018) ("Numerous courts have corroborated the dictum in Gonzalez by treating

with directions that Ytech be given an opportunity to amend its petition and file a complaint alleging a viable cause of action against the insurer, which will relate back to the filing of the petition to confirm, following the procedure described in Olympus. See Gonzalez, 76 So. 3d at 39; see also Fla. R. Civ. P. 1.190(a), (c).

Reversed and remanded with instructions.

---

a request for confirmation of an appraisal award as a motion for relief, rather than as an independent cause of action.").