# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-234
Lower Tribunal No. 18-5571
_____

**Sara Cristina Babun, etc.,**
Appellant,

vs.

**Stok Kon + Braverman, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Luis E. Barreto & Associates, and Luis E. Barreto; The Billbrough Firm, and G. Bart Billbrough, for appellant.

Stok Kon + Braverman, and Robert A. Stok, Joshua R. Kon and Natasha Shaikh (Fort Lauderdale); Lubell Rosen, LLC, and Liz C. Messianu and Patricia D. Blanco; Law Offices of Scott Margules, P.A., and Scott Margules, for appellees.

Before SCALES, HENDON, and MILLER, JJ.

HENDON, J.

The appellant, Sara Cristina Babun, ("Sara"), as Personal Representative of the Estate of Jose Babun Selman ("Estate"), and as Co-Trustee of the Jose Babun Selman Third Amended and Restated Trust ("Trust"), respondent below, appeals from a final order awarding attorney's fees to Stok Kon + Braverman, and Franco & Associates, P.A., (collectively, the "Appellees") on behalf of Cristina Larach Babun ("Cristina"). We reverse the award of interim fees and costs and remand for a hearing in order to make the required evidentiary findings sufficient to support the award pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).

Facts

Sara is the daughter of Cristina and Jose Babun Selman (the "deceased"). Cristina is the deceased's spouse. In 2019, Sara petitioned to be appointed as personal representative of the Estate of Jose Babun Selman, and co-trustee of the Jose Babun Selman Third Amended and Restated Trust. Over Cristina's objections, Sara was appointed to be personal representative. Cristina then hired the Appellees to represent her and filed an adversary proceeding against the Trust. The court appointed a neutral co-trustee (Phil Schechter).

2

With the adversary issues raised by Cristina still outstanding, the Appellees filed a petition for their fees for work as Cristina's counsel between January 1, 2019 and August 31, 2020, seeking a total of $624,751.41 ($473,094.25 for the Trust litigation, $10,753.14 in costs; $53,500.00 for the Estate proceeding, $87,404.02 in costs). In October 2020, Sara objected to the Appellees' fees, citing the still-outstanding adversary claims against the Trust, which had not yet been adjudicated. Further, earlier that year, in April 2020, Sara had filed a petition to determine Cristina's capacity, as well as Cristina's competency to retain Appellees to represent Cristina in those proceedings.

The trial court conducted an evidentiary hearing on Appellees' fee petition. The Appellees argued that they had conferred a substantial benefit on the Estate and Trust and were entitled to compensation for their submitted work times. Sara, on the other hand, argued that the Appellees' fee application was premature, the statutory law required a prevailing party, there was no determination on the merits and thus no basis for entitlement to interim attorney's fees and costs at that time. Further, Sara argued, the Appellees had not conferred any benefit on the estate to warrant fees.

Appellees, via attorney Stok, testified that Appellees' work to secure the appointment of an independent trustee, securing living expenses for

3

Cristina, and discovering fraudulent transactions, among other things, benefitted the Estate. Beyond simply introducing the billing record, however, no testimony was presented by Appellees, expert or otherwise, as to any of the lodestar factors required by Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). Attorney Stok conceded that in connection with the three cases in which he represented Cristina, there had been no judgments yet rendered in her favor. There was no testimony about customary fee rates, who did what, reasonable time expended, and on what tasks, etc. There was no testimony regarding costs incurred during the estate or trust litigation. Phil Shechter, as independent co-trustee, testified that he had reviewed Appellees' timesheets and noted they did not break down the fees sought by each litigation or for the topics of discovery, disqualification of counsel, elective share, or any other issue.

The trial court ultimately entered an order in November 2020, determining Cristina lacked capacity to retain the Appellees in those proceedings, and later entered a final order in December 2020, determining that Cristina was incapacitated, lacked the ability to contract, among other things, and appointed a professional guardian to protect Cristina's rights found in need of protection. These proceedings triggered a number of

4

appeals initiated by the interested parties to this Court, but they were all either dismissed or abandoned by voluntarily dismissals.[1]

The Appellees agreed they did not organize their timesheets in any particular order or specificity. Appellees' fee expert, Lawrence Franco, who also testified, concluded that the fees were often too high or duplicative, but overall achieved the goal for the client Cristina (not the Estate). He did not testify as to experience level of the lawyers who worked on the case, whether the rates charged by each lawyer were customary and reasonable, or whether the time increments expended were reasonable in relation to the tasks performed. There was no identification of the lodestar amounts, either by hourly rate or reasonable number of hours, and no testimony presented regarding why the costs claimed were taxable. As conceded even by attorney Stok's expert witness, the Appellees' bill was presented in the form of "block billing," i.e., billing that often fails to identify what services are connected with what unit of time billed for.

The trial court noted that the Appellees had represented Cristina in these cases, that the litigation was ongoing, and the fee application was for interim legal fees, and rejected Sara's argument that there was a prohibition on consideration of interim fees. Despite Appellees' representation of

---

[1] See Case Nos. 3D20-1256, 3D20-1374, 3D20-1894, and 3D21-0035.

Cristina and not the Estate itself, the trial court held this was not an absolute bar to a claim for legal fees if it was demonstrated that the legal services worked a benefit to the Estate and the Trust.

The court concluded that 1) Appellees must identify with particularity those time and expense items associated with the disqualification (of Sara's counsel) issue and eliminate those items from Appellees' bill; 2) because litigation was ongoing, Appellees' request for compensation was premature and would be "held in abeyance" until it could be demonstrated how the work benefitted the Estate; and 3) benefits to Cristina were, to some degree, a consequence of Appellees' representation. However, before the court could ascertain such compensable activity, Appellees would need to resubmit their fee petition "identifying with specificity those services provided to Cristina that also served the larger purpose of vivifying Jose Babun's intent as testator and settlor[.]" Finally, the court determined that because Appellees' legal work led to the appointment of co-trustee Philip Shechter, whose work benefitted the Estate, Appellees' time expended to secure the appointment of the co-trustee and assist him in discharging his duties should be compensated. The court required the Appellees to submit a new fee application specifically identifying the time associated with those efforts. The Appellees did submit a new fee petition, to which Sara objected, alleging the

6

new fee application did not remedy the problems of the first fee application. Without conducting a hearing, the court granted the Appellees' amended application minus the amount objected to by Cristina's counsel.

On December 31, 2020, the court entered its final order on Appellees' amended application for attorney's fees to be paid out of the Trust. The court granted the amended fee petition and ordered Sara, as Trustee, and Phil Schechter, as Co-Trustee, to pay Appellees' fees from the Trust in the amount of $530,266.75, and to the fee expert in the amount of $9,282.50. On appeal, Sara argues that neither the order granting fees nor the final judgment made any findings concerning the reasonable number of hours expended by each attorney or any findings regarding the reasonable hourly rates awarded for each lawyer. We agree and reverse.

Standards of review

Entitlement to attorney's fees is subject to de novo appellate review. Burton Fam P'ship v. Luani Plaza, Inc., 276 So. 3d 920, 922 (Fla. 3d DCA 2019); State Farm Fla. Ins. Co. v. Silber, 72 So. 3d 286, 288 (Fla. 4th DCA 2011). The appellate standard of review for an awarded amount of attorney's fees is abuse of discretion. Universal Beverages Holdings, Inc. v. Merkin, 902 So. 2d 288, 290 (Fla. 3d DCA 2005). This Court reviews evidentiary findings regarding an attorney's fees award for substantial, competent

7

evidence. Universal Prop. & Cas. Ins. Co. v. Deshplande, 314 So. 3d 416, 420 (Fla. 3d DCA 2020); Pazmino v. Gonzalez, 273 So. 3d 1056, 1059 (Fla. 3d DCA 2019). The same standard of appellate review applies to review of orders on costs. Messer v. Sander, 182 So. 3d 795, 797 (Fla. 1st DCA 2016); Cornfeld v. Plaza of the Americas Club, Inc., 306 So. 3d 1136, 1139 (Fla. 3d DCA 2020).

Discussion

Florida law provides that in all probate proceedings, any attorney who has rendered services to the estate may be awarded reasonable compensation from the estate or trust. § 733.106(3), Fla. Stat. (2021). There is sufficient evidence in the record to support the lower court's conclusion that Cristina benefitted from the Appellees' representation. The record on appeal, however, indicates that the lower court made no findings of fact or conclusions of law concerning the reasonableness of the hours or hourly rates necessary to support the award to Appellees of its fees and costs. An award of attorney's fees without making adequate findings justifying the amount of the award is reversible error. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985) (holding reversal is required when the trial court fails to make specific findings of fact as to the reasonable number of hours expended, the normal hourly rate, and the appropriateness of

8

increasing or decreasing the lodestar). "The trial court must set forth 'specific findings' as to its determination of the number of hours, the hourly rate, and any reduction or enhancement factors." Universal Prop. & Cas. Ins. Co. v. Deshpande, 314 So. 3d 416, 419 (Fla. 3d DCA 2020) (citing Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122, 1126 (Fla. 2017)). This is true even in the instance where a party does not provide an appellate court with an adequate record or a transcript of proceedings. See Ivanovich v. Valladarez, 190 So. 3d 1144, 1148 (Fla. 2d DCA 2016) ("The lack of findings supporting the award of attorney's fees is reversible error despite the [appellant's] failure to provide an adequate record of the hearing."); R.M.F. v. D.C., 55 So. 3d 684 (Fla. 2d DCA 2011) (same); Macarty v. Macarty, 29 So. 3d 434 (Fla. 2d DCA 2010).

Although the record on appeal contains the Appellees' list of tasks, hours, and charges, those records are not organized in the manner ordered by the trial court, and coupled with the fact that the trial court did not make the required findings, we conclude that the record lacks competent substantial evidence necessary to support an award of fees and costs at this time. Diwakar v. Montecito Palm Beach Condo. Ass'n, 143 So. 3d 958, 960 (Fla. 4th DCA 2014) ("Competent evidence includes invoices, records[,] and other information detailing the services provided as well as the testimony

from the attorney in support of the fee."); <u>Brake v. Murphy</u>, 736 So. 2d 745, 747 (Fla. 3d DCA 1999); <u>Clark v. Squire, Sanders & Dempsey</u>, 495 So. 2d 264 (Fla. 3d DCA 1986).

Because neither the record nor the order provides the specific findings as required by <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So. 2d 1145 (Fla. 1985), we reverse and remand for a new hearing on attorney's fees, in which the trial judge must set forth the findings as required by <u>Rowe</u>.

Reversed and remanded.