# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D23-0243
LT Case No. 16-2020-CA-004553

_____

AYMEE TAYLOR, Individually and
on behalf of those similarly
situated,

    Appellant,

    v.

STATE FARM FLORIDA
INSURANCE COMPANY, A Florida
Insurance Corporation,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Michael S. Sharrit, Judge.

Gordon Van Remmen, of Hall & Lampros, LLP, Atlanta, GA, and
Tracy L. Markham, of Southern Atlantic Law Group, PLLC,
Winter Haven, and William L. Sundberg and Alison M. Thiele, of
Sundberg, P.A., Tallahassee, for Appellant.

Christopher B. Hall, of Hall & Lampros, LLP, Atlanta, GA, pro
hac vice, for Appellant.

Nancy A. Copperthwaite, and Marcy Levine Aldrich, of Akerman
LLP, Miami, for Appellee.

April 12, 2024

ON MOTION FOR REHEARING

HARRIS, J.

Appellee, State Farm Florida Insurance Company ("State Farm"), moved for rehearing of this Court's February 2, 2024 opinion reversing the trial court's order dismissing Appellant's, Aymee Taylor, complaint. We grant the motion, withdraw the opinion, and substitute the following opinion in its place.

In 2020, Taylor's Jacksonville, Florida residence sustained water damage due to an overflowing sink. At the time, her property was covered by a homeowners insurance policy (the "Policy") issued by State Farm. In 2021, the parties took part in an appraisal, which resulted in an award to Taylor for her damages, and State Farm promptly paid the appraisal award.

Taylor subsequently sued State Farm because the amount State Farm paid did not include interest. Taylor ultimately filed a two-count second amended complaint setting forth a contractual cause of action as well as a statutory claim. Following a hearing on State Farm's motion to dismiss, the court entered an order dismissing with prejudice both of Taylor's claims based on a limitation against private causes of action contained in section 627.70131(5), Florida Statutes (2020). Taylor now argues that the court erred in dismissing her contractual claim based on that statutory limitation. We agree.

We begin our analysis by looking at the language of the Policy and of section 627.70131(5)(a) ("section 5(a)"). Pertinent to this appeal, the Policy included the following provision:

8. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable upon the earlier of the following:

a. 20 days after we receive your proof of loss and reach agreement with you; or

2

b. 60 days after we receive your proof of loss and:

(1) there is an entry of a final judgment; or (2) there is a filing of an appraisal award with us.

If we do not pay or deny a loss within 90 days after we receive notice of an initial, reopened, or supplemental property insurance claim from you and no factors beyond our control would reasonably prevent us from making payment, interest will be paid in accordance with Section 627.70131(5) of the Florida Insurance Code.

At the time the Policy was in effect,[1] section (5)(a) provided:

(a) Within 90 days after an insurer receives notice of an initial, reopened, or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. *Any payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest* at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy. If there is a right to prejudgment interest, the insured shall select whether to receive prejudgment interest or interest under this subsection. Interest is payable when the claim or portion of the claim is paid. Failure to comply with this subsection constitutes a

---

[1] Section 627.70131 was amended in 2021 and subsection (5)(a) was renumbered as subsection (7)(a).

3

violation of this code. *However, failure to comply with this subsection does not form the sole basis for a private cause of action.*

§ 627.70131(5)(a), Fla. Stat. (2020) (emphasis added).

The question we must resolve then is whether the prohibition on a standalone statutory cause of action contained in section 5(a) is broad enough, as the trial court concluded, to also bar a claim based on a breach of the insurance policy. State Farm goes to great lengths to demonstrate that it did not breach the Policy and therefore was not obligated to pay interest. As this case was dismissed with prejudice, reviewing that order de novo, we are confined to the four corners of the complaint and the policy attached thereto and we must accept Taylor's factual allegations as true. *Wilmington Sav. Fund Soc'y, FSB v. Contreras*, 278 So. 3d 744, 747 (Fla. 5th DCA 2019). Those allegations include the fact that the claimed breach was of the Policy resulting from State Farm's failure to pay interest as *the Policy* said it would.[2]

Taylor argues that, while her claim for statutory interest may be barred by section 5(a), there is no similar limitation on her right to enforce the terms of her contract. State Farm responds that Taylor's position has been consistently rejected by Florida courts. We find the cases relied upon by State Farm to be readily distinguishable.

First, State Farm relies on *State Farm Florida Insurance Co. v. Silber*, 72 So. 3d 286 (Fla. 4th DCA 2011), a case which it calls "analogous" to this case. However, *Silber* simply held that insureds cannot move for confirmation of an appraisal award that had already been paid in an attempt to recover attorney's fees. *Id.* at 289. *Silber* does go on to discuss section 5(a) and concludes that "the last sentence of the statute closes the door on any insured unless *there is a viable independent cause of action*." *Id.* at 290 (emphasis added). Because there was no viable cause of action to

---

[2] We accept this allegation to the extent that it demonstrates that Taylor's claim is for a breach of the policy and should not be taken as an acceptance of any legal conclusion, i.e., that a breach occurred.

4

confirm an already-paid appraisal award, the claim for interest could not stand on its own. The opinion does not discuss whether the insured's breach of policy claim was an independent standalone claim sufficient to withstand section 5(a)'s ban on causes of action.[3]

State Farm relies heavily on *Barbato v. State Farm Florida Insurance Co.*, 669 F. Supp. 3d 1241 (S.D. Fla. 2023), *appeal docketed*, No. 23-11645 (11th Cir. May 15, 2023), a federal trial court case that relied in part on the order on appeal in this case. In *Barbato*, the court found that the provisions of section 5(a) were "explicitly incorporated" into the insured's policy. *Id.* at 1242. Because the policy's only reference to State Farm's obligation to pay interest was by incorporating the statute itself, the court concluded that section 5(a) still served to preclude their claim as there was no basis, independent of the statute, to establish a cause of action. *Id.* at 1244–45.

We need not decide whether the *Barbato* court's holding, under the facts of that case, was correctly decided because our case is distinguishable. Taylor's policy did not just incorporate section 5(a) by reference, which it certainly could have done. Instead, State Farm decided, for whatever reason, to include a separate and independent loss payment provision that, like the statute, provided for the payment of interest. The only reference to section 5(a) in the loss payment provision simply deals with the manner in which interest will be paid. We find this wholly insufficient to

---

[3] State Farm cites other cases that reject statutory claims barely clothed as contractual ones. *See Riley v. Heritage Prop. & Cas. Ins. Co.,* No. 22-22893, 2023 WL 2988847 (S.D. Fla. Apr. 18, 2023); *Williams v. Universal Prop. & Cas. Ins. Co.*, No. 22-22890, 2023 WL 3750608 (S.D. Fla. June 1, 2023). In those cases, courts rejected claims for purported breach of contracts that contained no express promise to pay interest, where the insureds argued that their contracts *implicitly* incorporated the terms of section 5(a). Those statutory claims in breach-of-contract clothing are readily distinguishable from the true contractual claim that we face here, as the parties' contract contains an express promise to pay interest.

adopt the entirety of section 5(a), including the limitation on actions, a goal State Farm could have easily accomplished had it chosen to do so. While the *Barbato* court correctly noted that section 5(a) "does not convey a private right of action for the recovery of unpaid interest alone," 669 F. Supp. 3d at 1243, it fails to recognize that the statute says nothing about whether failure to perform an express contractual promise to pay interest can form the basis for a private cause of action. We therefore conclude that section 5(a) does not limit the right of an insured to file a claim for interest if that claim is based on an independent policy provision that does more than simply incorporate, implicitly or explicitly, the terms of section 5(a).

The parties were free to add this provision to the Policy, and State Farm's decision to do so must mean something. Contractually obligating itself to do what the statute similarly provides does not "waive, void or nullify" the provisions of section 5(a). Stated otherwise, there is nothing in section 5(a) that would prohibit parties from creating an express contractual right to the interest that the statute describes; doing so does not waive, void, or nullify the statutory obligation that section 5(a) imposes on insurers. Nor does creating such an express contractual right waive, void, nullify, or otherwise contravene section 5(a)'s limitation on actions. That limitation states only that a "failure to comply with [section 5(a)] does not form the sole basis for a private cause of action"; it does not limit an insured's ability to bring an action for a failure to perform an express contractual promise to pay interest. We therefore hold that an insurance policy that contains a standalone, independent obligation to pay interest can form the sole basis for a private cause of action that is not precluded by the statutory limitation on actions. We reverse the order of dismissal and remand this matter for further proceedings.

REVERSED and REMANDED.

SOUD and PRATT, JJ., concur.

6

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____